UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN M. WINSTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a company licenses to do business in Nevada; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>　　　　Defendants. | Case No. 2:25-cv-00902-MMD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Strike Defendant's Late Disclosed Expert.[1] ECF No. 23. The Court reviewed the Motion, Opposition, and Reply.

**I.　　Relevant Background**

The operative discovery plan and scheduling order in this matter required initial expert disclosures to occur no later than October 23, 2025. ECF No. 13 at 2. Defendant apparently missed this date by 12 days as Defendant's disclosure was received by Plaintiff on November 3, 2025. ECF No. 23 at 2. Plaintiff contends that if defense expert's initial report is not struck the Court will have permitted Plaintiff to be prejudiced because the defense expert had the advantage of reviewing Plaintiff's timely expert disclosure and adjusting her opinion accordingly. After reiterating information unrelated to Defendant's late disclosure of its expert, Plaintiff argues Defendant did not seek to extend the deadline to disclose experts, Defendant's expert disclosure was mailed instead of emailed, and Defendant refused to withdraw the initial expert report and designate it instead as a rebuttal report. Defendant counters the late disclosure was an internal calendaring error, there was a failure to meet and confer in good faith, and under Ninth Circuit precedent a sanction less severe than striking the expert report is called for. ECF No. 24.

---

[1]　　The Motion, indeed each motion, filed by Plaintiff fails to comply with the local rule requiring that all "[d]ocuments filed electronically must be filed in a searchable Portable Document Format (PDF) …." LR IA 10-1(b). Plaintiff must comply with this rule going forward.

## II. Discussion

The Court reminds the parties that "[t]he overarching principle for all discovery … is that the parties have an obligation to negotiate in good faith and cooperate in discovery." *Updateme Inc. v. Axel Springer SE*, Case No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *4 n.21 (N.D. Cal. Oct. 31, 2018) (citing *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, Case No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018)). Unfortunately, the tone and content of the discovery motions recently filed in this case evidence little cooperation and less than true interest in compromise and resolution.

The above said, the issue before the Court is limited to the timing of Defendant's expert disclosure, which was 12 days late.

> Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Absent other direction from the court, a rebuttal report shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, there are two exceptions to the above identified Rule 37 sanction. That is, information may be introduced if the failure to disclose the required information is either substantially justified or harmless. *Id*. *citing* Fed. R. Civ. P. 37(c)(1).

Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. 2010); *see also Yeti.*, 259 F.3d at 1107 ("Rule 37(c)(1) ... was intended to foster stricter adherence to discovery requirements and to broaden the power of the district courts to sanction violations of Rule 26"). Of course, with the consideration of these elements, the Court has "wide latitude in resolving discovery disputes involving experts under Rule 37(c)(1). Excluding expert testimony is not proper when there are other, less severe sanctions available." *Nunez v. Harper*, Case No. 2:13-cv-00392-GMN-NJK,

2014 WL 979933, at *4 (D. Nev. Mar. 12, 2014) *citing Amos v. Mikita U.S.A.*, Case No. 2:09-cv-01304-GMN-RJJ, 2011 WL 43092, at *4 (D. Nev. Jan 6, 2011) (further citation omitted).

There is no evidence of bad faith or willfulness before the Court; nor is a trial date set. The issues are prejudice and the ability to cure that prejudice. Defense experts disclosure, received by mail on November 3, 2025, is dated October 30, 2025, which is seven days after Plaintiff's expert disclosure was made. Thus, it is possible, although no specifics are provided, that the defense expert had some advantage (the advantage of Plaintiff's expert's opinions) at the time defense expert's report was finalized.

Assuming this was not a harmless error, a cure to this potential prejudice is surely possible. By way of example and not limitation, Plaintiff's initial expert could supplement his report. However, the Court recognizes this may be redundant of a rebuttal report, if any, already produced as the deadline to do so was November 24, 2025. ECF No. 13 at 3. Supplementation may also be redundant if Plaintiff's expert was deposed allowing him to respond and opine on all the defense expert offered in her opinion. Alternatively, if Plaintiff has not disclosed a rebuttal to the defense expert's opinions and his expert has not been deposed, the Court could order the expense associated with a rebuttal expert to be borne by Defendant. In sum, these examples demonstrate there is an ability to cure harm, if any, that arose from Defendant's late initial expert disclosure. This militates against Plaintiff's request to strike Defendant's initial expert report.

Also militating against Plaintiff's Motion to Strike is the status of dispositive motion practice. The Court considered that while a dispositive motion is pending, that motion was filed long before the initial expert disclosure deadline. *See* ECF No. 8 filed on June 25, 2025, *compare* ECF No. 13 at 2 setting the expert disclosure deadline for October 23, 2025. Thus, the late report is not one that implicates that pending motion. The Court also finds Defendant's late disclosure caused no disruption to the dispositive motion deadline set for after the close of discovery as that date has not yet passed. Finally, for sake of completeness, and as stated, there is no disruption to the trial as no trial date is set.

Nonetheless, to ensure fairness, in light of the information that is available to the Court, the Court finds the best option is to allow Plaintiff, at his choosing, to obtain a supplemental initial report

3

from his expert. Such report is to respond to any opinion offered by Defendant's expert that arose from that expert finalizing her initial report seven days after Plaintiff's initial expert's report was disclosed. If Plaintiff chooses to have a supplement prepared, the cost of the supplement will be borne by Defendant; provided, however, this is not an opportunity to file a full rebuttal report. That is, the supplement should not be treated as an opportunity to respond to every opinion offered by the defense expert. To be clear, and at the risk of redundancy, Plaintiff's supplemental initial expert report is to address only those opinions offered that, in sum, responded to or commented on Plaintiff's initial expert's opinions. At Defendant's choosing, Plaintiff's expert may be deposed regarding the supplement, but in addition to paying the expert's fees, Defendant will be responsible for payment of hourly rate charged by Plaintiff's counsel for his *appearance* at his expert's deposition itself. This provides Plaintiff with an opportunity to level the playing field at limited to no expense.

**III    Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Defendant's Expert (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that alternative sanctions are granted as follows:

1.    At Plaintiff's choosing, Plaintiff's expert is provided through and including **January 21, 2026** to produce a supplement to his initial expert report. Such supplement is limited to addressing those opinions offered that, in sum, responded to Plaintiff's expert's opinions received seven days before defense expert's report was issued.

2.    The cost of the supplement will be paid by Defendant to Plaintiff's expert no later than twenty-one (21) days after receipt of the supplement.

3.    At Defendant's option, Plaintiff's expert may be deposed regarding the supplement, but at Defendant's expense including the hourly rate associated with Plaintiff's counsel's appearance at the deposition itself.

4.    If Defendant chooses to depose Plaintiff's expert regarding the supplemental initial report—which deposition must address only those issues discussed in the supplemental

1  report—the notice **must** be **emailed** to Plaintiff no later than **3 p.m. on January 30, 2026**, and the
2  deposition **must** be set on a date no later than **February 20, 2026**.

3      IT IS FURTHER ORDERED that the dispositive motion deadline is reset for **March 20,**
4  **2026**. The proposed joint pretrial order is due thirty days after the pending dispositive motion (ECF
5  No. 8) and any subsequent motions for summary judgment are resolved by the Court.

6      IT IS FURTHER ORDERED that the parties may meet and confer to discuss alternative
7  dates, which may be presented to the Court on stipulation.

8      IT IS FURTHER ORDERED that any dispute that arises from this Order **must** be addressed
9  in a **joint** request for a status hearing at which the Court will address and resolve such dispute.

10      Dated this 16th day of December, 2025.

                                     ELAYNA J. YOUCHAH
                                     UNITED STATES MAGISTRATE JUDGE